[No. 15409.  Department Two.  March 19, 1920.]

## George S. Schaefer, *Respondent*, v. Spokane-International Railway Company et al., *Appellants.*[1]

Municipal Corporations (470) — Streets — Defects — Instructions — Negligence — Presumption—Contributory Negligence—Notice of Defects. In an action for injuries sustained by a bicyclist in a fall caused by a hole in the pavement, a requested instruction that negligence could not be presumed was sufficiently covered by instructions as to the facts necessary to be found by a preponderance of the evidence.

Same. In such case, a requested instruction as to plaintiff's rate of speed was sufficiently covered by the charge as to his contributory negligence through failure to exercise reasonable care.

Same. In such case, a requested instruction to the effect that the fact of holes in the pavement did not alone make the city liable was sufficiently covered by the charge as to the negligence of the city in failing to exercise care as to such holes.

Same. In such case, where there was no evidence that plaintiff knew of the condition of the street, it was not error to refuse to instruct as to the city's non-liability if the plaintiff knew of the dangerous condition.

Appeal from a judgment of the superior court for Spokane county, Blake J., entered February 7, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through defects in a street. Affirmed.

*J. M. Geraghty, Alex M. Winston,* and *Allen, Winston & Allen,* for appellants.

*Ed B. Powell,* for respondent.

Mount, J.—This appeal is from a judgment entered upon the verdict of a jury in favor of the plaintiff in an action for personal injuries. The defendants have appealed.

[1]Reported in 188 Pac. 530.

For some time prior to April 15, 1918, Division street in the city of Spokane, north of the Division street bridge, was a generally traveled paved street of the city. This street was practically level. It runs in a northerly and southerly direction, and a short distance north of the bridge it is crossed by the tracks of the appellant railway company, which run across the street at a very acute angle in a northeasterly and southwesterly direction. According to the allegations of the complaint, the pavement at the railway crossing

"was worn and broken away along the rails of said track causing said rails to project above the wearing surface and causing holes and pits in the surface of the street along the sides of said rails. That said pavement was broken away from said rails for a distance of one to two feet back from the rails and said holes were in depth from two to five inches with the projecting rail forming one side of each of said holes . . ."

On the 15th of April, 1918, the respondent had ridden a bicycle south along the westerly side of Division street over into the business part of the city. On his return, at about two-thirty o'clock, he was riding his bicycle north on the east side of the street, at a speed of from twelve to fifteen miles an hour, when the wheel struck one of these holes, which caused him to be thrown from his bicycle. His left leg was broken below the knee.

The points relied upon by the appellants for reversal are that the court erred in refusing to give four instructions requested by the appellants.

The first of these instructions relied upon is to the effect that negligence on the part of the appellants will not be presumed by reason of the fact that an accident happened. Counsel argue that the court erred in re-

fusing to give this instruction. In instructing the jury, after defining negligence, the court told the jury as follows:

"If you are satisfied by a preponderance of the evidence of all the following facts, your verdict should be for the plaintiff:

"First: That there was, on the 14th day of April, 1918, a hole or holes in the pavement in Division street at the point of intersection thereof with the rails of the defendant railway company, which rendered said street in such condition that it was not reasonably safe for public travel.

"Second: That said hole or holes existed by reason of the city of Spokane failing to exercise reasonable care in the inspection or repair or maintenance of said street at said point.

"Third: That the city of Spokane had actual or constructive notice that such hole or holes existed prior to and the 15th day of April, 1918, at that point.

"Fourth: That the plaintiff sustained injuries by reason of the existence of such hole or holes in the manner described in his complaint.

"If you are not so satisfied by a preponderance of the evidence of the existence of all the facts above enumerated . . . then your verdict should be for the defendants."

While the court here did not specifically say to the jury that negligence is not to be presumed, in substance the jury were so told by the instruction above quoted, for it says:

"If you are not so satisfied by a preponderance of the evidence of the existence of all the facts above enumerated . . . then your verdict should be for the defendants."

While it would not have been error to have instructed the jury as requested by the appellants, we are satisfied that it was not error to refuse, in view of the instructions given.

Appellants requested another instruction to the ef-

fect that, if the jury found from the evidence that the respondent was traveling at a rate of speed in excess of that at which an ordinarily prudent man would travel, and that such rate of speed proximately contributed to his accident, he could not recover. Upon the question of contributory negligence, the court told the jury that:

"It was the duty of the plaintiff while riding along Division street to exercise reasonable care for his own safety; . . . . Failure to use such care by the plaintiff precludes his recovery, and your verdict should be for the defendants, in the event you find the plaintiff was guilty of contributory negligence, even though you should also find that the defendants were negligent as alleged."

While this instruction was general, it was concise and clear, and covered the point sufficiently.

The court was requested by the appellants to instruct the jury in effect that, if they found from the evidence that the pavement was worn and broken away along the rails of the railroad track, causing the rails to project above the surface of the pavement and causing holes and pits in the surface of the street along the sides of the rails, that fact alone did not make the city liable, and that they should proceed to determine whether the appellants were negligent in maintaining the street in such condition.

In the first instruction hereinbefore quoted, the court in effect told the jury that, if they found that there were holes in the pavement at the point of the accident, that these holes rendered the street in such condition that it was not reasonably safe for public travel, and that the city failed to exercise reasonable care in the inspection or repair thereof, then the city would be negligent.

We think this instruction covered the point and it

was not error of the court to refuse to give the requested instruction.

Appellants also requested the court to instruct the jury in effect that, if the alleged dangerous condition of the street prior to the time of the accident was known to the respondent, then he was required to use a greater degree of care than if he did not know of the condition of the street.

This instruction would no doubt have been proper if the evidence showed that the respondent knew of the condition of the street at this point; but we are satisfied from a reading of the record that there was not sufficient evidence to go to the jury upon that question. It is true, the respondent testified that he passed over this street in going into the business part of the city an hour before the accident occurred; but he testified that he followed along the right-hand or westerly side of the street, close to the curb, and that at the point where he crossed the railway tracks there was no noticeable defect. He also testified that, at that time, there was considerable congestion of traffic upon the street, and that he had no opportunity to examine the other side of the street and did not do so. There was no evidence that he knew of the condition of the street at this point. It is true that one or two other witnesses testified that the condition of the street was bad along where the respondent was injured. But we find no evidence in the record that at that point the respondent was familiar with the condition of the street, or knew anything about it. For this reason, we are satisfied that the trial court did not err in refusing to give the instruction.

We find no error in the record.

The judgment will therefore be affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.